IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

JAMIE L. PAULAUSKAS and, )
JASON M. PAULAUSKAS, )
)
    Plaintiffs, )
)
v. ) NO. 3:11-CV-00075
)
DICKIE W. OLIVER, ) MAGISTRATE JUDGE BRYANT
)
) JURY DEMAND
    Defendant. )

## INITIAL CASE MANAGEMENT ORDER

**I. Jurisdiction and Venue:** The court has jurisdiction pursuant to 28 U.S.C. § 1332, Diversity of Citizenship.

**II. Parties' Theories of the Case:**

    **A. Plaintiff's Theory of the Case:** At approximately 5:00 p.m. on Friday, May 21, 2010, the Defendant collided his vehicle with the Plaintiff's vehicle, when the Plaintiff's vehicle was stopped in traffic near the Interstate 24 on ramp on Wilma Rudolph Boulevard in Montgomery County, Tennessee. As a result, the Plaintiff was injured, was required to seek medical treatment, and has suffered a permanent injury.

    **B. Defendant's Theory of the Case:** The Defendant denies that the controversy exceeds $75,000.00 and that Plaintiffs are entitled to an award in the amount of $150,000.00. Defendant denies that Plaintiff Jamie L. Paulauskas has suffered injury that is either severe or permanent in nature.

    **III. Schedule of Pretrial Proceedings:**

        **A. Rule 26(a)(1) Disclosure:**

The parties shall make their Rule 26(a)(1)(A) through (E) disclosures within (30) days from the date of the initial case management conference.

### B. Meeting of Counsel and Parties to Discuss Settlement Prospects

Ninety (90) days from the date of the initial case management conference, counsel and clients are required to have a face-to-face meeting to discuss whether this case can be resolved without further discovery proceedings. If a party, other than a natural person, is involved in this litigation, a representative who has the authority to settle shall attend this meeting on behalf of that party. After the meeting is conducted, counsel shall prepare a report and file it with the Court reflecting that the parties met and that the parties made a good faith effort to evaluate the resolution of this case. This report should also include whether the parties believed that one of the Alternative Dispute Resolution ("ADR") procedures under the Local Rules would further assist the parties in resolving this matter.

### C. Other Pretrial Discovery Matters

As determined at the case management conference on **Tuesday, March 29, 2011**, this action is set for a jury trial on **February 7, 2012, at 9:00 a.m**. If this action is to be settled, the Law Clerk shall be notified by noon on **February 3, 2012**.

If the settlement is reached thereafter resulting in the non-utilization of jurors, the costs of summoning jurors may be taxed to the parties dependent upon the circumstances.

A pretrial conference shall be held **January 20, 2012, at 10:00 a.m.**. A proposed pretrial order shall be submitted at the pretrial conference.

All discovery shall be completed by the close of business on **August 1, 2011**. All written discovery shall be submitted in sufficient time so that the response shall be in hand by **June 15,**

2

**2011**. All discovery related motions shall be filed by the close of business on **July 29, 2011**. No motions related to discovery or for a protective order shall be filed until a discovery/protective order dispute conference has taken place and the attorneys of record shall attend and meet, face-to-face, in an effort to resolve the dispute and a jointly signed discovery/protective order dispute statement is submitted setting forth precisely the remaining issues in dispute and the reasons why those issues remain unresolved.

All dispositive motions[1] and Daubert motions shall be filed by the close of business on **September 1, 2011**, and any response thereto shall be filed by the close of business on **October 3, 2011**, or thirty days after a dispositive motion is filed. Any reply shall be filed by the close of business on **October 17, 2011**, or fourteen days after a response is filed.

Any motion to amend the pleadings or join parties shall be filed in sufficient time to permit any discovery necessary because of the proposed amendment to be obtained within the time for discovery. No amendments will be allowed if to do so will result in a delay in the disposition of the action by requiring an extension of the discovery deadline.

There shall be no stay of discovery pending disposition of any motions. The response time for all written discovery and requests for admissions is reduced from thirty (30) to twenty (20) days.

Interrogatories pursuant to Rule 33, Federal Rules of Civil Procedure, shall be limited to sixty (60) such interrogatories. Subparts of a question shall be counted as additional questions for purposes of the overall number. In all other respects, Rule 9(a), Local Rules of Court (effective March 1, 1994) shall govern.

---

[1] No memorandum in support of or in opposition to any Motion shall exceed twenty (20) pages. No reply shall be filed to any response unless invited by the Court.

By the close of business on **Wednesday, June 1, 2011**, the plaintiff shall declare to the defendants (not to file with the Court) the identity of his expert witnesses and provide all the information specified in Rule 26(a)(2)(B).

By the close of business on **Friday, August 5, 2011**, the defendants shall declare to the plaintiff (not to file with the Court) the identity of their expert witnesses and provide all the information specified in rule 26(a)(2)(B).

Any supplements to expert reports shall be filed by the close of business on **Friday, September 1, 2011**. There shall not be any rebuttal expert witnesses.

To reduce the needless expenditure of time and expense, there shall not be any discovery depositions taken of expert witnesses. A party may, however, serve contention interrogatories and requests for admissions upon another party's expert. If these discovery methods prove ineffective, a party may move to take the deposition of the expert. In a diversity action, a treating physician is considered a fact witness unless the physician expresses opinions beyond the physician's actual treatment of the party.

For expert witnesses, the expert's Fed. R. Civ. P. 26(a)(2) report is considered to be the expert's direct examination testimony at trial. If an expert expects to expound his or her testimony beyond the wording of the expert's report, the party calling the expert shall inform the opposing party with the specifics of that expounding testimony at least 15 days prior to the dispositive motion deadline.

These rules on experts are to ensure full compliance with Rule 26(a)(2); to enable the parties to evaluate any Daubert challenges prior to filing dispositive motions; to avoid conflicts with the experts' schedules; and to avoid the costs of expert depositions.

Local Rule 12(c)(6)(c) (effective March 1, 1994) relating to expert witnesses shall apply in this action, and strict compliance is required.

It is so **ORDERED**.

**ENTERED** this the 30th day of March, 2011.

*/s/ John Bryant*
JOHN S. BRYANT
United States Magistrate Judge

Approved for Entry:

BATSON NOLAN PLC

By: /s/ Mark Nolan
    Mark Nolan, BPR No.: 015859
    Attorney for Defendant
    121 South Third Street
    Clarksville, Tennessee 37040
    (931) 647-1501
    *Attorney for Defendant*

By /s/ Mark A. Rassas
    Mark A. Rassas, BPR No.: 4334
    Glenn Building, Suite 101
    120 South Second Street
    Clarksville, TN 37040
    *Attorney for Plaintiffs*